**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.  09-60973-CIV-ALTONAGA/BROWN

TRANSAMERICA CORPORATION,

      Plaintiff,

vs.

MONIKER ONLINE SERVICES, LLC,
OVERSEE.NET, MONIKER PRIVACY
SERVICES, INC., DOMAINSYSTEMS, INC.,
*et al.*,

      Defendants.

_____/

## <u>ANSWER AND AFFIRMATIVE DEFENSES OF MONIKER ONLINE SERVICES, LLC, DOMAINSYSTEMS, INC., OVERSEE.NET AND MONIKER PRIVACY SERVICES, LLC</u>.

      Defendants Moniker Online Services, LLC ("Moniker"), DomainSystems, Inc. ("DS") Oversee.net ("Oversee") and Moniker Privacy Services, LLC ("MPS")[1] (collectively, the "Moniker Defendants"), hereby file their Answer and Affirmative Defenses to the First Amended FAC ("FAC") filed by plaintiff, Transamerica Corporation ("Plaintiff").

### <u>ANSWER</u>

      1.     With respect to the allegations contained in paragraph 1 of the FAC, the Moniker Defendants admit only that this **purports** to be an action for service mark and trademark infringement and counterfeiting.  The Moniker Defendants deny that there is any legal or factual basis for any claim against any of the Moniker Defendants and further deny that Plaintiff is entitled to any relief whatsoever against the Moniker Defendants.

---

[1]  MPS is improperly named in the FAC as Moniker Privacy Services, <u>Inc</u>.

2.      With respect to the allegations contained in paragraph 2 of the FAC, the Moniker Defendants admit only that Plaintiff alleges violations of the Lanham Act.  The Moniker Defendants deny that there is any legal or factual basis for any claim against any of the Moniker Defendants and further deny that Plaintiff is entitled to any relief whatsoever against the Moniker Defendants.

3.      The allegations contained in paragraph 3 of the FAC are denied as to the Moniker Defendants.

4.      With respect to the allegations contained in paragraph 4 of the FAC, the Moniker Defendants admit only that the FAC **purports** to set forth claims for service mark infringement and unfair competition under the Lanham Act, violations of the Anticybersquatting Consumer Protection Act ("ACPA"), service mark dilution under the Federal Trademark Dilution Act, violation of the Florida antidilution statute, violation of the Florida Deceptive and Unfair Trade Practices Act, and common law unfair competition.  The Moniker Defendants deny that there is any legal or factual basis for any claim against any of the Moniker Defendants and further deny that Plaintiff is entitled to any relief whatsoever against the Moniker Defendants.

5.      With respect to the allegations contained in paragraph 5 of the FAC, the Moniker Defendants deny that there is any valid case or controversy over which the Court should exercise jurisdiction.  Based solely upon the allegations of the FAC, however, which allegations are denied, the Moniker Defendants admit that the Court has subject matter jurisdiction.

6.      With respect to the allegations contained in paragraph 6 of the FAC, the Moniker Defendants deny that there is any valid case or controversy over which the Court should exercise jurisdiction.  Based solely upon the allegations of the FAC,

however, which allegations are denied, the Moniker Defendants admit that the Court has subject matter jurisdiction.

7.      With respect to the allegations contained in paragraph 7 of the FAC, the Moniker Defendants deny that there were any events or omissions that occurred in this District or elsewhere that would give rise to any valid case or controversy against the Moniker Defendants. Based solely upon the allegations of the FAC, however, which allegations are denied, the Moniker Defendants admit that venue is proper in this District.

8.      With respect to the allegations contained in paragraph 8 of the FAC, the Moniker Defendants admit only that the Court has personal jurisdiction over Moniker and MPS.

9.      With respect to the allegations contained in paragraph 9 of the FAC, the Moniker Defendants admit only that the Court has personal jurisdiction over Oversee. The remaining allegations contained in paragraph 9 are denied as to the Moniker Defendants.  Moreover, the Moniker Defendants are without sufficient knowledge so as to be able to admit or deny any of the allegations in paragraph 9 as they relate to any of the other defendants named in the FAC.

10.     The Moniker Defendants are without sufficient knowledge so as to be able to admit or deny any of the allegations in paragraph 10.

11.     Admitted.

12.     Admitted.

13.     Admitted.

14.     With respect to the allegations contained in paragraph 14 of the FAC, the Moniker Defendants admit only that Moniker is a wholly-owned subsidiary of DS, which

is a wholly-owned subsidiary of Oversee. The remaining allegations contained in paragraph 14 are denied.

15.     With respect to the allegations contained in paragraph 15 of the FAC, the Moniker Defendants admit only that any information reported by Moniker to ICANN (other than proxy information pursuant to registrant's usage of MPS), regarding the registration of TRANSAMERICALIFEINS.COM, including the address of the registrant, was provided to Moniker by someone purporting to be acting on behalf of Net41 Media. None of the registration information was created or provided by any of the Moniker Defendants (other than proxy information pursuant to the registrant's usage of MPS). The Moniker Defendants are without sufficient knowledge so as to be able to admit or deny the remaining allegations in paragraph 15.

16.     With respect to the allegations contained in paragraph 16 of the FAC, the Moniker Defendants admit only that any information reported by Moniker to ICANN (other than proxy information pursuant to the registrant's usage of MPS) regarding the registration of any domain names by H.W. Barnes, including the registrant's address, was provided to Moniker by someone purporting to be, or acting on behalf of, H.W. Barnes. None of the information was provided by any of the Moniker Defendants (other than proxy information pursuant to the registrant's usage of MPS). The Moniker Defendants are without sufficient knowledge so as to be able to admit or deny the remaining allegations in paragraph 16.

17.     With respect to the allegations contained in paragraph 17 of the FAC, the Moniker Defendants admit only that any information reported by Moniker to ICANN regarding the registration of TRANSAMERICACREDITREPORT.COM or any other domain name by G.H. Wagenaars, including the registrant's address, was provided to

Moniker by someone purporting to be, or acting on behalf of, G.H. Wagenaars or Net41. None of the information was provided by any of the Moniker Defendants. The Moniker Defendants are without sufficient knowledge so as to be able to admit or deny the remaining allegations in paragraph 17.

18.      With respect to the allegations contained in paragraph 18 of the FAC, the Moniker Defendants admit only that any information reported by Moniker to ICANN regarding the registration of ONTRANSAMERICALIFEINSURANCE.COM or any other domain name by Ron Oron, including the registrant's address, was provided to Moniker by someone purporting to be, or acting on behalf of, Ron Oron.  None of the information was provided by any of the Moniker Defendants.  The Moniker Defendants are without sufficient knowledge so as to be able to admit or deny the remaining allegations in paragraph 18.

19.      With respect to the allegations contained in paragraph 19 of the FAC, the Moniker Defendants admit only that any information reported by Moniker to ICANN (other than proxy information pursuant to registrant's usage of MPS), regarding the registration of TRANSAMERICALIFEINS.COM, including the address of the registrant, was provided to Moniker by someone purporting to be acting on behalf of Omgi Media or Net41 Media. None of the registration information was created or provided by any of the Moniker Defendants (other than proxy information pursuant to the registrant's usage of MPS). The Moniker Defendants are without sufficient knowledge so as to be able to admit or deny the remaining allegations in paragraph 19.

20.      With respect to the allegations contained in paragraph 20 of the FAC, the Moniker Defendants admit only that any information reported by Moniker to ICANN regarding the registration of any domain names by Jan Stroh, including the registrant's

address, was provided to Moniker by someone purporting to be, or acting on behalf of, Jan Stroh. None of the information was provided by any of the Moniker Defendants. The Moniker Defendants are without sufficient knowledge so as to be able to admit or deny the remaining allegations in paragraph 20.

21.    Denied.

22.    With respect to the allegations contained in paragraph 22 of the FAC, the Moniker Defendants admit only that any information reported by Moniker to ICANN regarding the registration of TRANSAMERICAHITS.NET, including the address of the registrant, was provided to Moniker by someone purporting to be acting on behalf of Swallowlane Holdings Ltd.  None of the registration information was created or provided by any of the Moniker Defendants. The Moniker Defendants are without sufficient knowledge so as to be able to admit or deny the remaining allegations in paragraph 22.

23.    With respect to the allegations contained in paragraph 23 of the FAC, the Moniker Defendants admit only that any information reported by Moniker to ICANN regarding the registration of TRANSAMERICASERVICES.COM and TRANSAMERICANSERVICE.COM, including the address of the registrant, was provided to Moniker by someone purporting to be acting on behalf of Domains Ventures. None of the registration information was created or provided by any of the Moniker Defendants. The Moniker Defendants are without sufficient knowledge so as to be able to admit or deny the remaining allegations in paragraph 23.

24.    With respect to the allegations contained in paragraph 24 of the FAC, the Moniker Defendants admit only that any information reported by Moniker to ICANN regarding the registration of TRANSAMERICAHITS.NET, including the address of the registrant, was provided to Moniker by someone purporting to be acting on behalf of

Domain Park Limited or on behalf of Swallowlane Holdings Ltd.. None of the registration information was created or provided by any of the Moniker Defendants. The Moniker Defendants are without sufficient knowledge so as to be able to admit or deny the remaining allegations in paragraph 24.

25.     With respect to the allegations contained in paragraph 25 of the FAC, the Moniker Defendants admit only that any information reported by Moniker to ICANN regarding the registration of LIFEINSURANCEDD.COM, including the registrant's address, was provided to Moniker by someone purporting to be, or acting on behalf of, Jayme Young. None of the information was provided by Moniker. The Moniker Defendants are without sufficient knowledge so as to be able to admit or deny the remaining allegations in paragraph 25.

26.     Denied as to the Moniker Defendants.

27.     The Moniker Defendants are without sufficient knowledge so as to be able to admit or deny the remaining allegations in paragraph 27.

28.     Denied as to the Moniker Defendants.

29.     The Moniker Defendants are without sufficient knowledge so as to be able to admit or deny the remaining allegations in paragraph 29.

30.     The Moniker Defendants are without sufficient knowledge so as to be able to admit or deny the remaining allegations in paragraph 30.

31.     The Moniker Defendants are without sufficient knowledge so as to be able to admit or deny the remaining allegations in paragraph 31.

32.     The Moniker Defendants are without sufficient knowledge so as to be able to admit or deny the remaining allegations in paragraph 32.

33.     The Moniker Defendants are without sufficient knowledge so as to be able to admit or deny the remaining allegations in paragraph 33.

34.     The Moniker Defendants are without sufficient knowledge so as to be able to admit or deny the remaining allegations in paragraph 34.

35.     The Moniker Defendants are without sufficient knowledge so as to be able to admit or deny the remaining allegations in paragraph 35.

36.     The Moniker Defendants are without sufficient knowledge so as to be able to admit or deny the remaining allegations in paragraph 36.

37.     The Moniker Defendants are without sufficient knowledge so as to be able to admit or deny the remaining allegations in paragraph 37.

38.     The Moniker Defendants are without sufficient knowledge so as to be able to admit or deny the remaining allegations in paragraph 38.

39.     The Moniker Defendants are without sufficient knowledge so as to be able to admit or deny the remaining allegations in paragraph 39.

40.     The Moniker Defendants are without sufficient knowledge so as to be able to admit or deny the remaining allegations in paragraph 40.

41.     The Moniker Defendants are without sufficient knowledge so as to be able to admit or deny the remaining allegations in paragraph 41.

42.     The Moniker Defendants are without sufficient knowledge so as to be able to admit or deny the remaining allegations in paragraph 42.

43.     The Moniker Defendants are without sufficient knowledge so as to be able to admit or deny the remaining allegations in paragraph 43.

44.     Admitted.

45.     Admitted.

46.    Admitted.

47.    Admitted.

48.    With respect to the allegations contained in paragraph 48 of the FAC, the Moniker Defendants admit only that, in order to be accredited through ICANN, a domain name registrar is required to enter into a Registration Accreditation Agreement with ICANN, which agreement, *inter alia*, obligates a registrar to report in the "WhoIs" database contact data that is consistent with the information provided to the registrar by registrants.  The Moniker Defendants are without knowledge as to the allegations contained in the second sentence of paragraph 48.

49.    With respect to the allegations contained in paragraph 49 of the FAC, the Moniker Defendants admit that Moniker is accredited by ICANN to register Internet domain names on behalf of any individual or entity.

50.    Denied.

51.    Denied.

52.    With respect to the allegations contained in paragraph 52 of the FAC, the Moniker Defendants admit only that ICANN established the UDRP for the resolution of disputes regarding the registration of domain names, and further state that a UDRP decision is not binding to the extent that it can be challenged and overturned in a court of law.

53.    With respect to the allegations contained in paragraph 53 of the FAC, the Moniker Defendants admit only that UDRP proceedings are instituted against an individual or entity identified as the registrant of a disputed domain name.  The Moniker Defendants are without knowledge as to the allegations regarding fictitious individuals or entities in paragraph 53.

54.    With respect to the allegations contained in paragraph 54 of the FAC, the Moniker Defendants admit only that the UDRP was instituted in 1999.  The remainder of the allegations contained in paragraph 54 are denied as to the Moniker Defendants.

55.    Denied.

56.    Denied.

57.    The Moniker Defendants are without sufficient knowledge so as to be able to admit or deny the remaining allegations in paragraph 57.

58.    With respect to the allegations contained in paragraph 58 of the FAC, the Moniker Defendants admit only that some of the entities or individuals who register domain names through Moniker are located in the Caribbean as per the information provided to Moniker by the registrant at the time of the domain name registration or at some point thereafter.  The remainder of the allegations contained in paragraph 58 are denied as to the Moniker Defendants.

59.    With respect to the allegations contained in paragraph 59 of the FAC, the Moniker Defendants admit only that some of the entities or individuals who register domain names through Moniker are located in China as per the information provided to Moniker by the registrant at the time of the domain name registration or at some point thereafter.  The remainder of the allegations contained in paragraph 59 are denied as to the Moniker Defendants.

60.    With respect to the allegations contained in paragraph 60 of the FAC, the Moniker Defendants admit only that approximately 2.5 million domain names are registered through Moniker.  The Moniker Defendants deny that there is any legal or factual basis for the remaining allegations in paragraph 60 and further deny that Plaintiff is entitled to any relief whatsoever against the Moniker Defendants.

61.     Denied as to the Moniker Defendants.

62.     Denied as to the Moniker Defendants.

63.     Denied as to the Moniker Defendants.

64.     With respect to the allegations contained in paragraph 65 of the
Complaint, the Moniker Defendants are without knowledge as to the screens that
appear in connection with the referenced links.  The Moniker Defendants deny,
however, any allegation that implies that the subject websites are or were owned by the
Moniker Defendants or that any of the depictions or content complained of were created
by the Moniker Defendants.

65.     With respect to the allegations contained in paragraph 65 of the FAC, the
identified domain name has never been registered through Moniker or to any of the
Moniker Defendants, directly or indirectly.  Additionally, any allegations of wrongdoing in
paragraph 65 directed at the Moniker Defendants are denied.

66.     Denied as to the Moniker Defendants.

67.     The Moniker Defendants are without knowledge as to the matters alleged
in paragraph 67 of the FAC.

68.     Denied as to the Moniker Defendants.

69.     Denied as to the Moniker Defendants.

70.     Denied as to the Moniker Defendants.

71.     Denied as to the Moniker Defendants.

72.     With respect to the allegations contained in paragraph 72 of the FAC, the
Moniker Defendants admit only that the information reported by Moniker to ICANN
regarding the registration of ONTRANSAMERICALIFEINSURANCE.COM by Jan Stroh,
including the registrant's address, was provided to Moniker by someone purporting to

be, or acting on behalf of, Jan Stroh.   None of the information was provided by Moniker.

Moreover, the Moniker Defendants deny that Moniker registered any domain *to* Jan

Stroh.  Rather, Jan Stroh, as well as all of Moniker's other registration clients, register

domain names *through* Moniker.

      73.     The Moniker Defendants are without knowledge as to the matters alleged

in paragraph 73 of the FAC.  Moreover, any allegations of wrongdoing in paragraph 73

directed at the Moniker Defendants are denied.

      74.     The Moniker Defendants are without knowledge as to the matters alleged

in paragraph 74 of the FAC.  Moreover, any allegations of wrongdoing in paragraph 74

directed at the Moniker Defendants are denied.

      75.     The Moniker Defendants are without knowledge as to the matters alleged

in paragraph 75 of the FAC.  Moreover, any allegations of wrongdoing in paragraph 75

directed at the Moniker Defendants are denied.

      76.     With respect to the allegations contained in paragraph 76 of the FAC, the

Moniker Defendants are without knowledge as to the screen that appears in connection

with the referenced link.  The Moniker Defendants deny, however, any allegation that

implies that the subject website is or was owned by the Moniker Defendants or that any

of the depictions or content complained of were created by the Moniker Defendants.

      77.     With respect to the allegations contained in paragraph 77 of the FAC, the

Moniker Defendants are without knowledge as to the screen that appears in connection

with the referenced link.  The Moniker Defendants deny, however, any allegation that

implies that the subject website is or was owned by the Moniker Defendants or that any

of the depictions or content complained of were created by the Moniker Defendants.

78.     With respect to the allegations contained in paragraph 78 of the FAC, the Moniker Defendants are without knowledge as to the screen that appears in connection with the referenced link.  The Moniker Defendants deny, however, any allegation that implies that the subject website is or was owned by the Moniker Defendants or that any of the depictions or content complained of were created by the Moniker Defendants.

79.     With respect to the allegations contained in paragraph 79 of the FAC, the Moniker Defendants are without knowledge as to the screen that appears in connection with the referenced link.  The Moniker Defendants deny, however, any allegation that implies that the subject website is or was owned by the Moniker Defendants or that any of the depictions or content complained of were created by the Moniker Defendants.

80.     With respect to the allegations contained in paragraph 80 of the FAC, the Moniker Defendants are without knowledge as to the screen that appears in connection with the referenced link.  The Moniker Defendants deny, however, any allegation that implies that the subject website is or was owned by the Moniker Defendants or that any of the depictions or content complained of were created by the Moniker Defendants.

81.     With respect to the allegations contained in paragraph 81 of the FAC, the Moniker Defendants admit only that the information reported by Moniker to ICANN regarding the registration of FINANCE-4U.COM by Alexis Shepard, including the registrant's address, was provided to Moniker by someone purporting to be, or acting on behalf of, Alexis Shepard.  None of the information was provided by Moniker. Moreover, the Moniker Defendants deny that Moniker registered any domain *to* Alexis Shepard.  Rather, Alexis Shepard, as well as all of Moniker's other registration clients, register domain names *through* Moniker.

82.    With respect to the allegations contained in paragraph 82 of the FAC, the Moniker Defendants are without knowledge as to the screen that appears in connection with the referenced link.  The Moniker Defendants deny, however, any allegation that implies that the subject website is or was owned by the Moniker Defendants or that any of the depictions or content complained of were created by the Moniker Defendants.

83.    With respect to the allegations contained in paragraph 83 of the FAC, the Moniker Defendants are without knowledge as to the screen that appears in connection with the referenced link.  The Moniker Defendants deny, however, any allegation that implies that the subject website is or was owned by the Moniker Defendants or that any of the depictions or content complained of were created by the Moniker Defendants.

84.    With respect to the allegations contained in paragraph 84 of the Complaint, the Moniker Defendants are without knowledge as to any purported "investigation" by Plaintiff.  Moreover, the Moniker Defendants admit only that the information reported by Moniker to ICANN regarding the registration of 1PLACELOAN.COM by Agripina Gamboa, including the registrant's address, was provided to Moniker by someone purporting to be, or acting on behalf of, Agripina Gamboa.  None of the information was provided by Moniker.  Moreover, the Moniker Defendants deny that Moniker registered any domain *to* Agripina Gamboa.  Rather, Agripina Gamboa, as well as all of Moniker's other registration clients, register domain names *through* Moniker.

85.    With respect to the allegations contained in paragraph 85 of the FAC, the Moniker Defendants are without knowledge as to the screen that appears in connection with the referenced link.  The Moniker Defendants deny, however, any allegation that

implies that the subject website is or was owned by the Moniker Defendants or that any of the depictions or content complained of were created by the Moniker Defendants.

86.     The Moniker Defendants deny all allegations of wrongdoing contained in paragraph 86 of the FAC.  The Moniker Defendants admit only that the information reported by Moniker to ICANN regarding the registration of each of the domain names identified in paragraph 86, including the particular registrant's address, was provided to Moniker by someone purporting to be, or acting on behalf of, the particular registrant. None of the information was provided by Moniker.  Moreover, the Moniker Defendants deny that Moniker registered any domain *to* any of the registrants identified in paragraph 86.  Rather, the identified registrants, as well as all of Moniker's other registration clients, register domain names *through* Moniker.

87.     With respect to the allegations contained in paragraph 87 of the FAC, the Moniker Defendants are without knowledge as to the screen that appears in connection with the referenced link.  The Moniker Defendants deny, however, any allegation that implies that the subject website is or was owned by the Moniker Defendants or that any of the depictions or content complained of were created by the Moniker Defendants.

88.     With respect to the allegations contained in paragraph 88 of the FAC, the Moniker Defendants admit only that any information reported by Moniker to ICANN regarding the registration of LIFEINSURANCEDD.COM by Jayme Young, including the registrant's address, was provided to Moniker by someone purporting to be, or acting on behalf of, Jayme Young.  None of the information was provided by Moniker.  Moreover, the Moniker Defendants deny that Moniker registered any domain *to* Jayme Young. Rather, Jayme Young, as well as all of Moniker's other registration clients, register domain names *through* Moniker.

89.     With respect to the allegations contained in paragraph 89 of the FAC, the Moniker Defendants are without knowledge as to the screen that appears in connection with the referenced link.  The Moniker Defendants deny, however, any allegation that implies that the subject website is or was owned by the Moniker Defendants or that any of the depictions or content complained of were created by the Moniker Defendants.

90.     With respect to the allegations contained in paragraph 90 of the FAC, the Moniker Defendants are without knowledge as to the screen that appears in connection with the referenced link.  The Moniker Defendants deny, however, any allegation that implies that the subject website is or was owned by the Moniker Defendants or that any of the depictions or content complained of were created by the Moniker Defendants.

## COUNT I

91.     The Moniker Defendants adopt and incorporate their responses to the allegations in paragraphs 1 through 90 of the FAC as though more fully set forth herein.

92.     Denied as to the Moniker Defendants.

93.     Denied as to the Moniker Defendants.

94.     Denied as to the Moniker Defendants.

95.     Denied as to the Moniker Defendants.

96.     Denied.

97.     Denied as to the Moniker Defendants.

98.     Denied as to the Moniker Defendants.

99.     Denied as to the Moniker Defendants.

100.    Denied as to the Moniker Defendants.

101.    Denied as to the Moniker Defendants.

102.    Denied as to the Moniker Defendants.

103.    Denied as to the Moniker Defendants.

104.    Denied as to the Moniker Defendants.

105.    Denied as to the Moniker Defendants.

106.    Denied as to the Moniker Defendants.

107.    Denied as to the Moniker Defendants.

108.    Denied as to the Moniker Defendants.

## COUNT II

109.    The Moniker Defendants adopt and reallege their responses to the allegations contained in paragraphs 1-108 as though more fully set forth herein.

110.    Denied.

111.    With respect to the allegations contained in paragraph 111 of the Complaint, the Moniker Defendants admit that Oversee owns and operates the referenced website and that Oversee offers services through Domain Sponsor.  The remaining allegations in paragraph 111 are denied.

112.    With respect to the allegations contained in paragraph 112 of the FAC, the Moniker Defendants admit only that the language quoted is found in the patent application.  The Moniker Defendants object to and thus deny Plaintiff's characterization of the statements in the patent application.

113.    With respect to the allegations contained in paragraph 113 of the FAC, the Moniker Defendants admit that Oversee owns and operates the referenced website and that Oversee offers services through Domain Sponsor.  The remaining allegations in paragraph 113 are denied.

114.    Denied as to the Moniker Defendants.

115.    Denied.

116.    With respect to the allegations contained in paragraph 116 of the FAC, the Moniker Defendants deny that Moniker has registered names *to* Domains Ventures. Rather, the Moniker Defendants admit that someone purporting to act on behalf of Domains Ventures has registered names *through* Moniker's automated registration system.  The remaining allegations in paragraph 116 are denied.

117.    With respect to the allegations contained in paragraph 117 of the FAC, the Moniker Defendants deny that Moniker has registered names *to* Virtual Sky.  Rather, the Moniker Defendants admit that someone purporting to act on behalf of Virtual Sky has registered names *through* Moniker's automated registration system.  The remaining allegations in paragraph 117 are denied.

118.    With respect to the allegations contained in paragraph 118 of the FAC, the Moniker Defendants admit that Moniker complies with its duties and obligations as an ICANN-accredited registrar.  The remaining allegations in paragraph 118 are denied.

119.    Denied as to the Moniker Defendants.

## COUNT III

120.    The Moniker Defendants adopt and reallege their responses to the allegations contained in paragraphs 1-119 as though more fully set forth herein.

121.    Denied as to the Moniker Defendants.

122.    Denied as to the Moniker Defendants.

## COUNT IV

123.    The Moniker Defendants adopt and reallege their responses to the allegations contained in paragraphs 1-122 as though more fully set forth herein.

124.    Denied as to the Moniker Defendants.

## COUNT V

125.    The Moniker Defendants adopt and reallege their responses to the allegations contained in paragraphs 1-124 as though more fully set forth herein.

126.    Denied as to the Moniker Defendants.

127.    With respect to the allegations in paragraph 127 of the FAC, the Moniker Defendants are without knowledge as to the alleged distinctiveness of Plaintiff's claimed service mark.  Moreover, the Moniker Defendants deny that Moniker registered any domain *to* anyone.  Rather, all of Moniker's registration clients register domain names *through* Moniker.

128.    The Moniker Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 128 of the FAC.

129.    The allegations contained in paragraph 129 of the FAC are admitted as to the Moniker Defendants.  The Moniker Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 129 as to any of the remaining defendants.

130.    The allegations contained in paragraph 130 of the FAC are admitted as to the Moniker Defendants.  The Moniker Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 130 as to the remaining defendants.

131.    With respect to the allegations contained in paragraph 131 of the FAC, the Moniker Defendants admit only that they have never made use of the name "Transamerica" in connection with the offering or sale of any good or service.  The Moniker Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 131 as to the remaining defendants.

132.    With respect to the allegations contained in paragraph 132 of the FAC, the Moniker Defendants admit only that they have never made use of the name "Transamerica" on any website.  The Moniker Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 132 as to the remaining defendants.

133.    Denied as to the Moniker Defendants.

134.    Denied as to the Moniker Defendants.

## COUNT VI

135.    The Moniker Defendants adopt and reallege their responses to the allegations contained in paragraphs 1-134 as though more fully set forth herein.

136.    Denied as to the Moniker Defendants.

137.    Denied as to the Moniker Defendants.

138.    Denied as to the Moniker Defendants.

139.    Denied as to the Moniker Defendants.

140.    Denied as to the Moniker Defendants.

## COUNT VII

141.    The Moniker Defendants adopt and reallege their responses to the allegations contained in paragraphs 1-140 as though more fully set forth herein.

142.    Denied as to the Moniker Defendants.

## COUNT VIII

143.    The Moniker Defendants adopt and reallege their responses to the allegations contained in paragraphs 1-142 as though more fully set forth herein.

144.    Denied as to the Moniker Defendants.

145.    Denied as to the Moniker Defendants.

146.    Denied as to the Moniker Defendants.

147.    Denied as to the Moniker Defendants.

## COUNT IX

148.    The Moniker Defendants adopt and reallege their responses to the allegations contained in paragraphs 1-147 as though more fully set forth herein.

149.    With respect to the allegations contained in paragraph 149 of the FAC, the Moniker Defendants deny that there is any valid case or controversy over which the Court should exercise jurisdiction.  Based solely upon the allegations of the FAC, however, which allegations are denied, the Moniker Defendants admit that the Court has subject matter jurisdiction.

150.    Denied as to the Moniker Defendants.

## COUNT X

151.    The Moniker Defendants adopt and reallege their responses to the allegations contained in paragraphs 1-150 as though more fully set forth herein.

152.    With respect to the allegations contained in paragraph 151 of the Complaint, the Moniker Defendants deny that there is any valid case or controversy over which the Court should exercise jurisdiction.  Based solely upon the allegations of the FAC, however, which allegations are denied, the Moniker Defendants admit that the Court has subject matter jurisdiction.

153.    The Moniker Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 153 of the Complaint.

154.    Denied as to the Moniker Defendants.

## COUNT XI

155.    The Moniker Defendants adopt and reallege their responses to the allegations contained in paragraphs 1-154 as though more fully set forth herein.

156.    With respect to the allegations contained in paragraph 155 of the Complaint, the Moniker Defendants deny that there is any valid case or controversy over which the Court should exercise jurisdiction.  Based solely upon the allegations of the FAC, however, which allegations are denied, the Moniker Defendants admit that the Court has subject matter jurisdiction.

157.    Denied as to the Moniker Defendants.

## COUNT XII

158.    The Moniker Defendants adopt and reallege their responses to the allegations contained in paragraphs 1-157 as though more fully set forth herein.

159.    With respect to the allegations contained in paragraph 159 of the Complaint, the Moniker Defendants deny that there is any valid case or controversy over which the Court should exercise jurisdiction.  Based solely upon the allegations of the FAC, however, which allegations are denied, the Moniker Defendants admit that the Court has subject matter jurisdiction.

160.    Denied as to the Moniker Defendants.

161.    All allegations not specifically admitted in this Answer are denied.

## PRAYER FOR RELIEF

162.    With respect to Plaintiff's Prayer for Relief, the Moniker Defendants deny that Plaintiff is entitled to any relief whatsoever against the Moniker Defendants.

Case No. 09-60973-CIV-ALTONAGA/BROWN

## <u>AFFIRMATIVE DEFENSES</u>

By asserting the following Affirmative Defenses, the Moniker Defendants do not agree or concede that they bear the burden of proof or the burden of persuasion on any of those issues, whether in whole or in part.

1.     As their First Affirmative Defense, the Moniker Defendants state that Transamerica's FAC fails to state a claim upon which relief can be granted against any of the Moniker Defendants.

2.     As their Second Affirmative Defense, the Moniker Defendants state that Transamerica is barred from recovery by virtue of its failure to join indispensable parties, including, but not limited to, the registrants of the subject domain names identified in the FAC.

3.     As their Third Affirmative Defense, the Moniker Defendants state that Transamerica is barred from recovery by virtue of the immunity afforded under the Anticybersquatting Consumer Protection Act.

4.     As their Fourth Affirmative Defense, the Moniker Defendants state that Transamerica is barred from recovery by virtue of the fact that the Moniker Defendants have no ownership interest in any of the domain names which are the subject of the FAC.

5.     As their Fifth Affirmative Defense, the Moniker Defendants state that Transamerica is barred from recovery by virtue of the fact that the Moniker Defendants have no ownership interest in the websites depicting any Transamerica mark.

6.     As their Sixth Affirmative Defense, the Moniker Defendants state that Transamerica is barred from recovery by virtue of the fact that the Moniker Defendants did not create any of the depictions referenced in the FAC.

7.      As their Seventh Affirmative Defense, the Moniker Defendants state that Transamerica is barred from recovery by virtue of the fact that there was no bad faith intent to profit from the registration and/or maintenance of any of the domain names at issue.

7.      As their Eighth Affirmative Defense, the Moniker Defendants state that the damages, if any, that were allegedly sustained by Transamerica were caused in whole or in part or were contributed to by reason of the acts, omissions and/or intentional misconduct of third parties over which the Moniker Defendants have no control.

8.      As their Ninth Affirmative Defense, the Moniker Defendants state that Transamerica is barred from recovery by virtue of the fact that Transamerica has failed to mitigate the damages it alleges it has suffered in this matter.

9.      As their Eighth Affirmative Defense, the Moniker Defendants state that Transamerica is barred from recovery by virtue of the doctrine of laches in pursuing any of the claims asserted in this matter.

Respectfully submitted,

**DE LA O, MARKO,
MAGOLNICK & LEYTON**
Attorneys for Defendants
3001 S.W. 3rd Avenue
Miami, Florida 33129
Telephone: (305) 285-2000
Facsimile:   (305) 285-5555


By:  /s/  Joel S. Magolnick
     **Joel S. Magolnick**
     Florida Bar No. 0776068
     magolnick@dmmllaw.com
     **Miguel M. de la O**
     Florida Bar No. 0822700
     delao@dmmllaw.com


and

William A. Delgado, Esq., CA SBN 222666
**WILLENKEN WILSON LOH & LIEB LLP**
Co-counsel for Moniker Online Services,
LLC, Moniker Privacy Services, LLC and
Oversee.net
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone: (213) 955-9240
Facsimile:   (213) 955-9250
WDelgado@willenken.com


## CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2009, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document was served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.


     /s/ Joel S. Magolnick
     Joel S. Magolnick