UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.  09-60973-CIV-ALTONAGA/Brown

TRANSAMERICA CORPORATION,

      Plaintiff,

vs.

MONIKER ONLINE SERVICES, LLC;
OVERSEE.NET; MONIKER PRIVACY
SERVICES, LLC., and JOHN DOES 1-15,

      Defendants.

_____/

## DEFAULT JUDGMENT

**THIS CAUSE** came before the Court upon Plaintiff, Transamerica Corporation's ("Transamerica['s]") Motion for Default Judgment Against John Doe Defendants Domain Park, Ltd., Ron Oron and Virtual Sky ("*Mot.*") [D.E. 92], filed on January 22, 2010.  Clerk's Defaults were entered as to Defendant Domain Park, Ltd. [D.E. 88], and Defendants Ron Oron and Virtual Sky [D.E. 89] (collectively, "John Doe Defendants") on January 8, 2010, as the John Doe Defendants failed to appear, answer or other plead to Plaintiff's First Amended Complaint ("*Am. Compl.*") [D.E. 23], filed on August 28, 2010, despite having been served electronically.[1]  The Court has carefully considered Plaintiff's Motion, the record, and applicable law.

## I.  BACKGROUND

This case involves the registration and use of counterfeit internet domain names.  Plaintiff Transamerica, a long-established holding company for a group of subsidiaries engaged in the sale

---

[1] The Defendants were served with the Amended Complaint on December 2, 2009.  (*See* Summons Returned Executed [D.E. 75-77], filed on January 6, 2010).

Case No. 09-60973-CIV-ALTONAGA/Brown

of life insurance, investment planning and retirement services, brought this action against Moniker Online Services, LLC; Oversee.Net; Moniker Privacy Services, LLC; and 15 John Doe Defendants. (*See Am. Compl.* ¶¶ 10-28). Transamerica now seeks a default judgment against three of the John Doe Defendants: Domain Park Limited, Ron Oron and Virtual Sky. (*See Mot.* at 1).

Transamerica alleges the three John Doe Defendants willfully engaged in service mark counterfeiting (Count I); service mark infringement (Count III); cybersquatting (Count IV); unfair competition, false representation and false designation of origin (Count VII); trademark dilution (Count VIII); common law unfair competition (Count IX); trademark dilution under Florida law (Count X); violation of the Florida Deceptive and Unfair Trade Practices Act (Count XI); and false advertising under Florida law (Count XII). (*See Am. Compl.* ¶¶ 91-108; 120-122; 125-134; 141-160). Transamerica alleges the John Doe Defendants registered and used Internet domain names incorporating or imitating its federally registered "Transamerica" service mark and profited from their actions through a "domain name monetization" scheme.[2] (*See Am. Compl.* ¶¶ 61-85). Specifically, Defendant Domain Park Limited was the owner of TRANSAMERICAHITS.NET; Ron Oron was the registered owner of ONTRANSAMERICALIFEINSURANCE.COM; and Virtual Sky was the registered owner of TRANSAMERICASERVICES.COM, TRANSAMERICANSERVICE. COM and TRANSAMERICANSERVICES.COM. (*See Am. Compl.* ¶¶ 18, 21, 24).

---

[2] "Domain name monetization" is an Internet income-producing strategy whereby a domain holder receives a "pay per click" fee for directing consumers to the website of a third party. In this case, the John Doe Defendants used their counterfeit domain names and websites to send unassuming consumers to the websites of Transamerica's competitors.

Case No. 09-60973-CIV-ALTONAGA/Brown

Transamerica now seeks the entry of a default judgment against the three John Doe Defendants and asks the Court to award injunctive relief, statutory damages, attorney's fees and costs.   In support of its motion, Transamerica filed the affidavit of Bruce A. McDonald, Transamerica's counsel in this action, and four exhibits documenting the registration and ownership of the five infringing domains.  (*See Am. Compl.*, Exhibits A, 1-4).

## II.  DEFAULT JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint.  "'[A] defendant's default does not in itself warrant the court entering a default judgment.'"  *DirectTV, Inc. v Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[3]  Granting a motion for default judgment is within the trial court's discretion.  *See Nishimatsu*, 515 F.2d at 1206.  Because the defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the court must first determine whether there is a sufficient basis in the pleading for the judgment entered.  *See id.* "[L]iability is well-pled in the complaint, and is therefore established by the entry of default . . . ." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

## III.  ANALYSIS OF LIABILITY

Transamerica seeks a default judgment on its claims that the John Doe Defendants willfully engaged in service mark counterfeiting (Count I); service mark infringement (Count III);

---

[3]  In *Bonner v. City of Prichard*, 661 F.2d 1206,1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Case No. 09-60973-CIV-ALTONAGA/Brown

cybersquatting (Count IV); unfair competition (Count VII); trademark dilution under federal and Florida law (Counts VIII and X); and common law unfair competition (Count IX). (*See Am. Compl.* ¶¶ 91-108; 120-122; 125-134; 141-160).

In support of the following analysis, the Court finds that Transamerica has registered and owns the series of service marks at issue in this case, that its marks are valid and incontestable under Section 15 of the Lanham Act, 15 U.S.C. § 1065, and that Transamerica has the exclusive right to use the service marks in connection with the various services it provides, as alleged in the Amended Complaint. (*See Am. Compl* §§ 33-43). The Court further finds that the John Doe Defendants used Transamerica's service marks on their websites without Transamerica's consent.

### A.      Count I – Service Mark Counterfeiting

The elements of a service mark counterfeiting claim require plaintiff to show defendants used a "counterfeit" of plaintiff's registered mark without consent, and defendants' use of the counterfeit mark is likely to cause confusion. *See* 15 U.S.C. § 1114(1). Adding a generic or descriptive term to domain names associated with plaintiff's goods or services constitutes counterfeiting. *See Dell Inc. v. BelgiumDomains, LLC*, No. 07-22674-CIV, 2007 WL 6862342, at *7 (S.D. Fla. Nov. 21, 2007).

Transamerica sufficiently alleges all of the required elements of service mark counterfeiting by the John Doe Defendants. The John Doe Defendants employed Transamerica's service marks on their websites in a manner likely to cause confusion. Moreover, the Court finds the John Doe Defendants' actions to be willful in that they have acted in "bad faith" and with "reckless disregard" for the known trademark rights of Transamerica.

4

Case No. 09-60973-CIV-ALTONAGA/Brown

**B.      Count III – Service Mark Infringement**

To prevail on a service mark infringement claim under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)(a), Transamerica must show (1) its mark has priority; (2) the John Doe Defendants used Transamerica's mark in commerce; and (3) the Defendants' use of the service mark is or was likely to deceive, cause confusion or result in mistake.  *See Int'l Cosmetics Exch., Inc. v. Gapardis Health & Beauty, Inc.*, 303 F.3d 1242, 1248 (11th Cir. 2002).

Upon review of the allegations included in the Amended Complaint, there can be no dispute that the John Doe Defendants' use of Transamerica's marks poses a substantial likelihood of consumer confusion.  The Court concludes Transamerica has sufficiently alleged all of the required elements of service mark infringement and finds the John Doe Defendants liable for infringement of Transamerica's service mark.

**C.      Count IV – Cybersquatting**

The Anticybersquatting Consumer Protection Act ("ACPA") defines cybersquatting as "the (1) registration, use, or trafficking in, a domain name (2) that is identical or confusingly similar to a distinctive or famous trademark, (3) with a bad-faith intent to profit from the mark."  *Dell Inc.*, 2007 WL 6862342, at *5 (citing 15 U.S.C. § 1125(d)).

To determine whether the John Doe Defendants possess the required bad-faith intent to profit from Transamerica's marks, courts consider nine factors:

(1) the trademark or other intellectual property rights of Defendants, if any, in the domain names;

(2) the extent to which the domain names consist of the legal name or commonly used names of Defendants;

5

Case No. 09-60973-CIV-ALTONAGA/Brown

(3) Defendants' prior use of the domain names for the bona fide offering of goods or services;

(4) any bona fide noncommercial or fair use of the mark under the domain names;

(5) Defendants' intent to divert consumers from Plaintiffs' websites to Defendants' websites by creating a likelihood of confusion;

(6) Defendants' offer to transfer, sell, or otherwise assign the domain names to Plaintiffs or others for financial gain;

(7) Defendants' provision of material and misleading false contact information when registering the domain names and their intentional failure to maintain accurate contact information;

(8) Defendants' registration or acquisition of multiple domain names that they know are identical or confusingly similar to marks of others; and

(9) the extent to which Plaintiffs' Marks are or are not distinctive and famous.

*See* 15 U.S.C. § 1125(d)(1)(B)(i)(I)-(IX).

As to Defendants Ron Oron and Domain Park Limited, with the exception of Factor 8 (Defendants' registration of multiple domain names), the Court finds that each of the bad-intent factors weighs in Transamerica's favor and against the Defendants. As to Defendant Virtual Sky, the Court finds that all of the bad-intent factors weigh in Transamerica's favor and against the Defendant. Transamerica has alleged a sufficient basis to find John Doe Defendants liable for cybersquatting.

**D.      Count VII – Unfair Competition**

To establish a claim of unfair competition under the Lanham Act, a plaintiff must show it has prior rights to the mark at issue, and the defendant adopted a name or mark that was the same or confusingly similar to plaintiff's mark such that consumers were likely to confuse the two. *See* 15

6

Case No. 09-60973-CIV-ALTONAGA/Brown

U.S.C. §1125(a).  Transamerica has alleged facts sufficient to find the John Doe Defendants engaged in unfair competition under federal law.

     **E.**    **Counts VIII and X – Trademark Dilution Under Federal and Florida Law**

Federal and Florida law on trademark dilution require plaintiffs to plead facts sufficient to establish four elements: (1) the plaintiff's mark is famous; (2) the defendant adopted the mark after the plaintiff's mark became famous; (3) the defendant's mark diluted the plaintiff's mark; and (4) the defendant's use was commercial and in commerce.  *See* 15 U.S.C. § 1125(c) and FLA. STAT. § 495.151.

Upon a review of the allegations in the Amended Complaint, the Court concludes the facts pleaded by Transamerica are sufficient to state a claim of trademark dilution.  Transamerica has alleged facts, that if taken as true, show the John Doe Defendants' actions constituted dilution of Transamerica's mark under federal and Florida law.

     **F.**    **Count IX – Common Law Unfair Competition**

To prevail on its Florida common law unfair competition claim, Transamerica must prove (1) Transamerica is the prior user of the service mark; (2) the service mark is arbitrary or suggestive or has acquired secondary meaning; (3) the John Doe Defendants are using a confusingly similar service mark to indicate or identify similar services rendered by them in competition with Transamerica in the same trade area in which Transamerica has already established its service mark; and (4) as a result of John Doe Defendants' actions, consumer confusion as to the source or sponsorship of the services is likely.  *See Am. United Life Ins. Co. v. Am. United Ins.* Co., 731 F. Supp. 480, 486 (S.D. Fla. 1990).  "Under Florida law, the plaintiff must show either that 'the public

Case No. 09-60973-CIV-ALTONAGA/Brown

would be tricked' or that the plaintiff will be damaged because persons dealing with the defendant are likely are likely to believe they are dealing with the plaintiff." *Id.*

The Court concludes Transamerica has alleged sufficient facts to sustain a finding of common law unfair competition by the John Doe Defendants. Accordingly, the Court concludes the Plaintiff's Motion for Default Judgment as to the John Doe Defendants for Counts I, III-IV, and VII-X should be granted.

## IV. DAMAGES

Transamerica seeks statutory damages, injunctive relief, and attorney's fees and costs against the John Doe Defendants. "Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). While Federal Rule of Civil Procedure 55(b)(2)(b) permits the court to conduct hearings on a default judgment when it needs to determine the amount of damages, an evidentiary hearing is not necessary if the plaintiff submits sufficient evidence to support the request for damages. *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232, n.13 (11th Cir. 2005).

### A.    Statutory Damages for Counterfeiting and Cybersquatting

The Lanham Act and the ACPA permit statutory damages in lieu of actual damages. *See* 15 U.S.C. §§ 1117(c), 1125(d)(1). Transamerica seeks $10,000,000.00 in statutory damages under the Lanham Act, and $500,000.00 in statutory damages under the ACPA, amounts that are the maximum awards available by law. (*See Mot.* at 13-18). Because Transamerica has not provided the Court

Case No. 09-60973-CIV-ALTONAGA/Brown

with sufficient justification to support such awards, Transamerica is permitted to file supplemental briefing (1) justifying the amount of the awards, (2) addressing the amount of damages sought against each individual Defendant, and (3) justifying its claim that Defendants should be held jointly and severally liable.[4]  By way of examples, the Court directs Transamerica to *Abercrombie & Fitch Trading Co. v. Importrade USA, Inc.*, No. 07-23212-CIV (S.D. Fla. Aug. 18, 2009), and the analysis provided by the plaintiff in its motion for summary judgment regarding damages [D.E. 51], filed on July 10, 2009; and to *Nike, Inc. v. Lydner*, No. 6:07-cv-01654, 2009 WL 4426633, at *4 (M.D. Fla. Sep. 25, 2008).

### B.      Injunctive Relief

Transamerica seeks injunctive relief under Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), asking the Court to permanently enjoin the John Doe Defendants from further use of the Transamerica name and service marks.  Section 43(c) of the Lanham Act also provides injunctive relief against another party's commercial use of a trademark if the other's use begins after the mark has become famous and causes dilution of the distinctive quality of the mark.  *See* 15 U.S.C. § 1125(c); *Portionpac Chem. Corp. v. Sanitech Sys., Inc.*, 217 F. Supp. 2d 1238, 1250 (M.D. Fla. 2002).

"[A]n injunction is an equitable remedy . . . [that] should issue only where the intervention of a court of equity 'is essential in order effectually to protect property rights against injuries otherwise irremediable.'"  *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311-12 (1982) (quoting

---

[4]  Transamerica's proposed order is insufficient in that it requires the Court to engage in a "fill-in-the-blanks" exercise.

9

Case No. 09-60973-CIV-ALTONAGA/Brown

*Cavanaugh v. Looney*, 248 U.S. 453, 456 (1919)).  A plaintiff who seeks a permanent injunction must show (1) it has suffered irreparable injury; (2) remedies at law are inadequate to compensate it for that injury; (3) a remedy in equity is warranted in light of balancing the hardships between the plaintiff and defendant; and (4) the public interest would not be disserved by a permanent injunction. *See Weinberger*, 456 U.S. at 311-12;  *see also eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 390 (2006).

The Court agrees with Transamerica's allegations it has suffered irreparable injury to its service marks by the infringement, dilution and counterfeiting activities of the John Doe Defendants. Because monetary damages are unlikely to deter the John Doe Defendants, who have failed to respond to this suit, remedies at law are unlikely to compensate Transamerica for its injury. Moreover, if Defendants are not prohibited from using the Transamerica marks, the public will likely continue to be deceived by the Defendants.

Hardship to Transamerica in the form of continued dilution to its marks, lost profits and commerce, and consumer misperceptions about the quality of Transamerica's products will continue if the Defendants are not enjoined.  The harm to Defendants as a result of an injunction is that they will be precluded from continuing their trademark violations and be prohibited from benefitting from their monetization schemes.  Thus, the balance of the hardship between the parties favors Transamerica and the issuance of an injunction.

Finally, the global public would surely benefit from an injunction because it would protect them from the fraudulent deceptions wrought by the John Doe Defendants' trademark counterfeiting and the resulting electronic misdirections of their consumer inquiries.

10

Case No. 09-60973-CIV-ALTONAGA/Brown

Because Transamerica has demonstrated the factors necessary for a permanent injunction and because the Court cannot be assured that Defendants will not engage in similar behavior in the future, the Court grants the injunctive relief sought by Transamerica.

### D.       Attorney's Fees and Costs

Transamerica also seeks attorney's fees and costs.  Under the Lanham Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  15 U.S.C. § 1117(a).  Generally, courts award fees and costs upon evidence of "malicious, fraudulent, deliberate, or willful" conduct by the infringing party.  *Burger King Corp. v. Pilgrim's Pride Corp.* 15 F.3d 166, 168 (11th Cir. 1994).  "[T]he correct standard in the Eleventh Circuit is fraud or bad faith."  *Lipscher v. LRP Publ'ns, Inc.*, 266 F.3d 1305, 1320 (11th Cir. 2001) (citing *Safeway Stores, Inc. v. Safeway Disc. Drugs, Inc.*, 675 F.2d 1160 (11th Cir. 1982)).  Ultimately, "the decision to grant attorney fees remains within the discretion of the trial court."  *Burger King Corp.*, 15 F.3d at 168.  However, the court must articulate the basis for awarding fees.  *See Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1205 (11th Cir. 2001).

The John Doe Defendants have engaged in fraud and bad faith.  The results of their infringement, dilution and cyberpiracy activities have been to not only harm Transamerica and its service mark, but to unassuming consumers deceived while seeking out a reputable insurance company on the Internet.  This "malicious, fraudulent, deliberate [and] willful" conduct by the John Doe Defendants substantiates Transamerica's claim for reasonable attorney's fees and costs under 15 U.S.C. § 1117(a).

11

Case No. 09-60973-CIV-ALTONAGA/Brown

## V.  CONCLUSION

Consistent with the foregoing analysis, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.      Plaintiff's Motion for Default Judgment Against Defendants Domain Park Limited, Ron Oron, and Virtual Sky **[D.E. 92]** is **GRANTED IN PART**.

2.      John Doe Defendants Domain Park Limited, Ron Oron, and Virtual Sky, collectively and individually, and their officers, shareholders, partners, principals, agents, assignees, beneficiaries, successors, licensees, distributors, attorneys, proxies, alter egos, aliases, and all other persons acting in concert with these John Doe Defendants collectively or individually, be, and hereby are permanently enjoined, from

> (a)      registering or using as a trade name, trademark, service mark, Internet domain name, or portion thereof, any name or term that incorporates, imitates, or is confusingly similar to Plaintiff's "Transamerica" service mark;

> (b)      purchasing, selling, or using any form of advertising including keywords or Adwords in Internet advertising containing any mark that incorporates, initiates, or is confusingly similar to Plaintiff's "Transamerica" service mark, and requiring the John Doe Defendants, when purchasing or selling Internet advertising using keywords, Adwords or the like, to activate the name "Transamerica" as a negative keyword or negative Adword in any Internet advertising purchased, sold or used;

> (c)      infringing Plaintiff's "Transamerica" service mark, including all written and spoken terms equivalent or confusingly similar thereto;

12

Case No. 09-60973-CIV-ALTONAGA/Brown

(d)     using Plaintiff's "Transamerica" service mark, or any name or mark that incorporates, imitates, or is reminiscent of or confusingly similar thereto, for any product or service, or in any letterhead, sign, website, advertising or promotion, e-mail or other sales solicitation or business listing, either in print, broadcast, electronic or other form, either separately or compositely with other words;

(e)     using Plaintiff's "Transamerica" service mark, or any name or mark confusingly similar thereto, as a corporate and/or trade name and/or fictitious name or portion thereof;

(f)     making representations, directly or indirectly, to anyone, anywhere, by any means, including but not limited to unauthorized co-branding, that these Defendants are related to, associated or affiliated with, or sponsored, endorsed or approved by Plaintiff;

(g)     in any manner depicting, uttering or imitating Plaintiff's "Transamerica" service mark for the purpose of misappropriating the trade and goodwill of Plaintiff by association, imitation, fraud, mistake or deception; and

(h)     unfairly competing with Plaintiff in any manner.

3.     Defendant Ron Oron shall immediately transfer the Internet domain name ONTRANSAMERICALIFEINSURANCE.COM to Plaintiff, and Defendant Virtual Sky shall immediately transfer the Internet domain name TRANSAMERICANSERVICES.COM to Plaintiff.

4.     Plaintiff is entitled to reasonable costs and attorney's fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. §1117(a).

13

Case No. 09-60973-CIV-ALTONAGA/Brown

5. Plaintiff may submit a Supplemental Memorandum of Law and any supporting materials (1) justifying the amount of statutory damages sought under the Lanham Act, 15 U.S.C. § 1117(c), and the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1); (2) addressing the grounds for holding the John Doe Defendants jointly and severally liable; (3) specifying and justifying the amount of damages sought against each individual Defendant; and (4) supporting its request for fees and costs.

**DONE AND ORDERED** in Chambers at Miami, Florida this 4th day of February, 2010.

_Cecilia M. Altonaga_

**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record

14